# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2015

Lyle W. Cayce
Clerk

KURBY DECKER,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-56

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kurby Decker, Texas prisoner # 594703, initiated the instant 28 U.S.C.
§ 2254 habeas corpus proceedings to challenge a prison disciplinary conviction.
We granted Decker a certificate of appealability (COA) on the issue whether
jurists of reason could disagree with the district court's resolution of his claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20118

that his constitutional rights were infringed insofar as his disciplinary conviction resulted in the loss of good-time credits.

"[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). A prisoner's liberty interest under the Due Process Clause generally is "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Conner*, 515 U.S. at 484 (internal citations omitted).

There is "a constitutional expectancy of early release," and thus a "protected liberty interest," created by Texas's mandatory supervision scheme in place before and after September 1, 1996, for earned good-time credits. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). A prisoner who is eligible for mandatory supervision thus has a protected interest in his good-time credits, and the loss of these credits can result in a cognizable § 2254 claim. *Teague*, 482 F.3d at 777; *Malchi*, 211 F.3d at 957-58.

The district court's adjudication of Decker's claim concerning his loss of good-time credits was grounded in its conclusion that he was serving a sentence for aggravated kidnaping and thus was ineligible for mandatory supervision. This conclusion is undermined by the record and the parties' briefs. These items show that Decker has discharged his sentence for his aggravated kidnaping offense and is currently serving a sentence for solicitation of capital murder. Accordingly, that portion of the district court's judgment concluding that Decker's constitutional rights were not implicated

2

No. 14-20118

by the loss of good-time credits because he was ineligible for mandatory supervision is vacated, and this case is remanded for further proceedings consistent with this opinion.

Decker also moves to have Judge Garza recused from these proceedings based on that judge's actions in a prior case. That motion is denied as moot. In addition, he moves to have Judge Hittner recused from these proceedings based on that judge's initial adjudication of the claim at issue in this appeal. Because Decker has not shown judicial bias, his motion to recuse Judge Hittner is denied. *See* 28 U.S.C. § 455(a), (b)(1); *Liteky v. United States*, 510 U.S. 540, 555 (1994).

MOTIONS TO RECUSE DENIED; JUDGMENT VACATED IN PART; REMANDED FOR FURTHER PROCEEDINGS.